IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MEADWESTVACO CALMER, INC. | ) | |
| f/k/a SAINT-GOBAIN CALMER, INC. | ) | |
| and WILLIAM T. WHITLOW | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-CV-0116-GAF |
| | ) | |
| vs. | ) | |
| | ) | |
| LARRY BOSHEARS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court is Intervenor Dan Craig's ("Craig") Motion to Dismiss. (Doc. #13). Craig alleges he is an indispensable party to the instant litigation, that his presence destroys diversity, and that the case cannot in equity and good conscience proceed in his absence. (Doc. #21). Plaintiffs MeadWestvaco Calmar, Inc. f/k/a Saint-Gobain Calmar, Inc. and William T. Whitlow ("Plaintiffs") contend Craig's presence as a defendant does not destroy complete diversity because Craig is "not indispensable but merely conditionally necessary." (Doc. #3, p.3 (*citing Brooks v. Sussex County State Bank*, 167 F.R.D. 347, 352 (N.D.N.Y. 1996)).

Under Fed. R. Civ. P. 19(a), one of the circumstances under which a person whose presence does not destroy subject-matter jurisdiction is required to be joined is if "that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect the

1

interest."[1] Here, Craig states he was Defendant Larry Boshears' ("Defendant") attorney responsible for obtaining a judgment of $315,346.59, which has been attached by Plaintiffs in the present action for contribution and indemnity against Defendant. According to Craig, a judgment obtained by Plaintiffs in this case could deprive him of his rightful attorney's fees and severely prejudice him. In the Court's view, this is sufficient to show Craig was entitled to intervention of right under Fed. R. Civ. P. 24(a)(2) and thus puts him in the same position as a person required to be joined if feasible under Fed. R. Civ. P. 19 for purposes of the instant Motion. *See CRI, Inc. v. Watson*, 608 F.2d 1137, 1140 (8th Cir. 1979) (A party who is in a position to intervene as of right under Fed. R. Civ. P. 24(a)(2) is in a position comparable to a party to be joined if feasible under Fed. R. Civ. P. 19).[2]

Under Fed. R. Civ. P. 19(b), "[i]f a person to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." In making that determination, a court is to consider the following:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

[1] This standard is similar to that set forth in Fed. R. Civ. P. 24(a)(2), the rule under which Craig intervened in this case.

[2] Plaintiffs' reliance on *Watson* for the general proposition that if an intervenor could enforce its right in a separate action, the intervenor is not indispensable and does not destroy diversity, is not persuasive. The situation in *Watson* involved two separate fees that could have been sought by the two plaintiffs from the opposing party in separate suits based on the opposing party's breach of a contract and separate liability to each plaintiff. *Watson*, 608 F.2d at 1139-40. Such is not the case here; only one sum is attached and once the rights to that sum have been determined, Craig may, as a practical matter, be foreclosed from collecting from any party the fees he alleges he is owed.

2

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

As already noted, Craig alleges his dismissal from the suit to preserve diversity jurisdiction could severely prejudice him and his ability to recover attorney's fees that he claims are owed to him. Plaintiffs do not argue Craig would not be prejudiced or suggest to the Court any means by which prejudice to Craig could be lessened or avoided. In addition, Plaintiffs do not claim they would lack an adequate remedy if the case were dismissed and they had to pursue their remedy in state court. Craig's Motion to Dismiss is therefore GRANTED.

**IT IS SO ORDERED.**

                                      s/ Gary A. Fenner
                                      Gary A. Fenner, Judge
                                      United States District Court

DATED: **May 27, 2009**