IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MEADWESTVACO CALMER, INC. ) | |
| f/k/a SAINT-GOBAIN CALMER, INC. ) | |
| and WILLIAM T. WHITLOW, ) | |
| ) | |
| Plaintiffs, ) | Case No. 09-0116-CV-W-GAF |
| ) | |
| vs. ) | |
| ) | |
| LARRY BOSHEARS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court are Plaintiffs Meadwestvaco Calmar, Inc. f/k/a Saint-Gobain Calmar, Inc. and William T. Whitlow's (jointly "Plaintiffs") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Intervenor Dan Craig's ("Craig") Motion for Release of Funds. (Doc. ##27, 24). For the reasons stated below, Plaintiffs' Motion is **DENIED**, Craig's Motion is **GRANTED** as modified below, and the registry of the Court is **ORDERED** to release funds as instructed below.

## DISCUSSION

Plaintiffs request the Court to alter or amend its Order of dismissal entered on May 27, 2009, arguing that the Court mistakenly believed that Craig was an indispensable party to this action. (Doc. #23). Further, Plaintiffs seek leave to depose Craig in the hope of discovering new information supporting their arguments against dismissal. (Doc. #27). Alternatively, Plaintiffs request the Court to transfer or remand this case to the Circuit Court for Jackson County, Missouri. *Id.* Craig opposes Plaintiffs' Motion, arguing that the Order to Dismiss should stand. (Doc. #30).

Additionally, Craig seeks to have the Court release the funds at issue if the Court denies Plaintiffs' Motions. (Doc. ##24, 30).

Rule 59(e) allows a court to amend or alter its judgment of dismissal. Fed. R. Civ. P. 59(e). Such motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," and may not be used merely to "introduce new evidence, tender new legal theories, or raise arguments which could have been raised prior to entry of judgment." *United States. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations and quotations omitted). Absent a manifest error of law or fact, a party moving to alter or amend a judgment must demonstrate that: (1) after the entry of judgment, new evidence was discovered; (2) the movant "exercise[d] due diligence to discover the evidence" prior to the entry of judgment; (3) the new evidence is material and not cumulative or impeaching; and (4) a consideration of the new evidence would likely produce a different result. *Id.*

After review, the Court does not find that its Order granting dismissal was premised upon or contained a manifest error of law or fact. Further, while Plaintiffs have submitted evidence relevant to their position that was not submitted prior to the Order dated May 27, 2009, they have failed to demonstrate that such evidence was discovered after dismissal. To the contrary, it appears that the evidence submitted was in existence and under Plaintiffs' control or readily discoverable prior to the time of dismissal. (*See* Doc. #27, Exs. A & B). Having failed to present newly discovered evidence or establish that the Order to dismiss contains manifest errors of law or fact, the Court **DENIES** Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e).[1]

---

[1]Because the Court's May 27, 2009, Order dismissing the case stands, Plaintiffs' request for Leave to Depose Daniel Craig is **DENIED** as moot. Additionally, Plaintiffs' request for oral argument on the Motions is **DENIED** as moot. Finally, because Plaintiffs have already filed a

Accordingly, it is necessary to discuss the release of funds held by the Court. As mentioned above, Craig requests the Court direct the Court's registry to "pay the $315.346.59, [sic] plus accumulated interest to Larry Boshears and his attorney Dan Craig." (Doc. #24). Plaintiffs object. (Doc. #28). It has been brought to the Court's attention that Plaintiffs have initiated a parallel action in the Circuit Court of Jackson County, Missouri, Case No. 0916-CV17728. (Doc. #30). In that action, Plaintiffs have been issued a Writ of Attachment dated June 10, 2009, which covers the funds currently held by this Court. In accordance with the Writ of Attachment, the Court hereby **GRANTS** Craig's Motion to Release Funds, but **ORDERS** the registry of the Court to pay the $315,346.59, plus accumulated interest, to the registry of the Circuit Court of Jackson County, Missouri.[2]

**IT IS SO ORDERED.**

                                                    s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: **July 17, 2009**

---

parallel action in the Circuit Court of Jackson County, Missouri, Plaintiffs' alternative Motion to Transfer/Remand to the Circuit Court for Jackson County, Missouri, is **DENIED** as moot.

[2]Plaintiffs' Motion for Leave to File Sur-Reply to Intervenor's Motion for Release of Funds (Doc. #32) is **DENIED** as moot.

3